IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD NAVA, | * |
| | * |
| Petitioner, | * |
| | * CRIMINAL NO. 05-00321-WS |
| vs. | * |
| | * CIVIL NO. 11-00580-WS-B |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Richard Nava's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 743) and Respondent's Motion to Dismiss (Doc. 747). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases. Nava's motion has been fully briefed by the parties and is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that Respondent's Motion to Dismiss be **GRANTED** (Doc. 747), that Nava's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 743) be **DISMISSED** as time-barred, and

1

that Nava is not entitled to a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

**I. Background**

On April 27 2007, Nava was indicted for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (count one) and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count two). (Doc. 104). Nava entered a guilty plea to count one, and on February 2, 2007, Judge Steele sentenced Nava to 135 months imprisonment, followed by five years of supervised release. (Docs. 221, 471). Judge Steele also imposed a special assessment of $100. (Id.). The Judgment was entered on February 15, 2007. (Doc. 427).

Nava, through counsel, timely filed a notice of appeal with the Eleventh Circuit Court of Appeals on February 21, 2007. (Doc. 422). Subsequent thereto, Nava's counsel filed an Anders' brief, pursuant to Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and requested permission to withdraw.[1] (Doc. 561). The appellate court granted the request

---

[1] In Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the U.S. Supreme Court ruled that "[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if

2

to withdraw pursuant to Anders, *supra*, and affirmed Nava's sentence and conviction. The appellate court observed that "[o]ur independent examination of the entire record reveals no arguable issues of merit, therefore, counsel's motion to withdraw is GRANTED, and Nava's conviction and sentence are AFFIRMED.". (Id.) (emphasis in original). The Eleventh Circuit's judgment was entered on September 27, 2007. (Id.). Nava did not seek further review before the United States Supreme Court.

On September 20, 2011,[2] Nava filed the instant habeas petition, and raised the following claims: (1) ineffective assistance of counsel because his counsel "refused to file an appellate application"[3], (2) selective prosecution, (3) diminished capacity, and (4) default on plea agreement. (Doc. 743 at 4-8). In response, the Government filed a Motion to Dismiss Nava's habeas petition on the ground that it was filed outside of

---

counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Contrary to Nava's assertion, on February 21, 2007, his counsel timely filed a notice of appeal. (Doc. 422).

3

the one-year statute of limitations found in 28 U.S.C. §2255(f); thus, it should be dismissed as untimely. (Doc. 747). In his response, Nava concedes that his petition is untimely, but asserts that he is entitled to equitable tolling "due to [his] lack of understanding, warrant[ed] by his past[] and present diminished capacity." (Doc. 748 at 3). For the following reasons, the undersigned finds that Nava's petition is untimely and recommends that the Government's Motion to Dismiss be granted.

**II. Analysis**

Section 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>     collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

The only section that is arguably applicable to Nava's case is section (1), which calculates the timeliness of the petition from the date the judgment of conviction became final. In this case, the Eleventh circuit entered judgment on September 27, 2007. Because Nava did not seek further review by the United States Supreme Court, his judgment became final ninety (90) days from the date of the Eleventh Circuit's judgment, which was on December 26, 2007. Clay v. United States, 537 U.S. 522, 32 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); see also Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Accordingly, Nava had until December

26, 2008 to timely file his § 2255 petition. However, Nava did not file his petition until more than three-and-a-half years later, on September 20, 2011. (Doc. 743). Thus, Nava's petition is due to be dismissed unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562; see also Sandvik, 177 F.3d at 1271. The diligence required is reasonable diligence, not "maximum feasible diligence", see Holland, 130 S. Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323

6

(11th Cir. 2008); see also Holland, 130 S. Ct. at 2564 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

As grounds for equitable tolling, Nava alleges that his "lack of understanding, warrant[ed] by his past, and present diminished capacity" entitles him to equitable tolling. (Doc. 748 at 3). The Government argues that Nava has not demonstrated that he had "been pursuing his rights diligently." (Doc. 747).

**A. Extraordinary Circumstances**

As noted *supra*, in the Eleventh Circuit, the doctrine of equitable tolling is reserved for only "extraordinary" cases, and is applied sparingly. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004)(citing Helton v. Sec'y Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001)). "For mental impairment to justify equitable tolling of AEDPA's limitation period, the party invoking the doctrine must show that "'she was so incapable of rational thought that she could not appreciate [her] situation, or lacked the wherewithal to ascertain that she must take legal steps.'" United States v. White, 2005 U.S. Dist. LEXIS 29070, *7 (S.D.N.Y. November 7, 2005)

While Nava contends that he is entitled to equitable tolling on account of his past and present diminished capacity,

he has failed to proffer substantive facts or evidence to demonstrate that his alleged diminished mental capacity impacted his ability to file his petition within the statutory time period. A searching review of the record contains a single psychological evaluation of Nava conducted by Daniel Koch, Ph.D. in January 2007. In the evaluation, Dr. Koch opines that Nava is functionally illiterate and that he has mild mental retardation. However, there is nothing in the report or elsewhere in the record indicating that Nava's mental capacity has impeded and continues to impede his ability to participate in the legal proceedings before this Court[4]. (Doc. 417-1). In addition, the record reveals that notwithstanding Nava's below average intelligence, he has caused to be filed on his behalf a number of documents with the Court. Indeed, on July 5, 2007, Nava filed a letter requesting relief from his sentence (Doc. 508-1), on September 21, 2009, Nava filed a motion requesting the reduction of his sentence or home confinement (Doc. 725), on April 8, 2011, he filed a letter requesting copies of transcripts (Doc. 734), on August 1, 2011, he filed a motion

---

[4] Aside from Dr. Koch's evaluation, there is no evidence that Nava has undergone any additional psychological evaluations since being indicted in 2006, or that he has received any mental health treatment.

seeking retroactive application of the guidelines (Doc. 737), and on August 15, 2011, he filed a supplemental motion seeking retroactive application of the guidelines (Doc. 738). In these documents, which were all filed with the Court prior to Nava's habeas petition, Nava clearly communicates the relief he is seeking[5]. Accordingly, they belie his contention that his diminished mental capacity prevented him from timely filing his § 2255 motion in this case. In other words, Nava's wholly unsupported assertions fall short of establishing the extraordinary circumstances that would justify equitable tolling. Because Nava has failed to demonstrate extraordinary circumstances justifying equitable tolling, his petition is due to be dismissed.

**B. Reasonable Diligence**

Assuming *arguendo*, that Nava's had established extraordinary circumstances; his equitable tolling claim would still fail because of his lack of reasonable diligence. In addition to establishing that the impediments facing him were "extraordinary", Nava must establish that he diligently pursued

---

[5] While it is not clear that Nava actually drafted the documents, the fact that the documents were filed on Nava's behalf is nevertheless evidence that Nava is capable of taking the steps necessary to seek appropriate relief from the Court.

his rights as would be reasonable under the circumstances. As noted *supra*, while Dr. Koch opined that Nava has below average intelligence, the record is devoid of evidence that Nava did not have the mental capacity to timely file his habeas claim, or that he exercised reasonable diligence under the circumstances to file his habeas petition. Following his sentencing, Nava caused to be filed with the Court various documents, including a letter and motions, seeking relief from his sentence, but he has not identified a single action he undertook to ensure the timely filing of his habeas petition. In the absence of such, Nava has failed to meet his heavy burden of demonstrating that he exercised reasonable diligence in seeking to timely file his habeas petition. Finally, Nava has also failed to allege, let alone offer any evidence, that suggests that he is innocent. Because Respondent has asserted the defense of statute of limitations and Nava has failed to meet his burden of establishing extraordinary circumstances, which would justify the equitable tolling of the AEDPA's limitations period, the undersigned finds that Nava's federal habeas petition should be dismissed as time-barred.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of

appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Nava's petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Nava should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

12

or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Nava's petition should be dismissed. As a result, Nava is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss be GRANTED (Doc. 747), that Nava's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 743) be DISMISSED as time-barred, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Richard Nava. The undersigned Magistrate Judge further opines that Nava is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis.*

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L. R. 72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **October, 2013.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**